UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:19-mj-498 |
| Plaintiff, | : | |
| | : | **UNITED STATES' MOTION FOR PRETRIAL DETENTION AND HEARING THEREON** |
| vs. | : | |
| | : | |
| **ETHAN KOLLIE,** | : | UNDER SEAL |
| Defendant. | : | |

---

1. **DETENTION**

    ■   The United States of America ("United States") respectfully requests that the defendant be detained pending trial because no condition or combination of conditions will reasonably assure both (1) the appearance of the defendant as required in this action, and (2) the safety of any other person and the community. (*See* 18 U.S.C. § 3142(a)(4), (e), (f), (g) and (i).)

    A.  **Rebuttable Presumption Applies: Appearance of the Defendant and Safety of Community (18 U.S.C. § 3142(e)(3)) (common -** *check if applicable*)

    ❑   A rebuttable presumption that no condition or combination of conditions will reasonably assure both (a) the appearance of the defendant as required in this action, and (b) the safety of the community applies because there is probable cause to believe that the defendant committed (*check at least one and all that apply*):

- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of Title 46 of the United States Code;

- ☐ an offense under 18 U.S.C. §§ 924(c) (Use and/or Carrying a Firearm During and in Relation to/Possession in Furtherance of, a Crime of Violence or Drug Trafficking Crime), 956(a) (Conspiracy to Kill, Kidnap, Maim, or Injure Persons or Damage Property in a Foreign Country), or 2332b (Acts of Terrorism Transcending National Boundaries);

- ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (listing offenses included in definition of "Federal crime of terrorism," e.g., 18 U.S.C. §§ 1030(a)(1) (relating to protection of computers), 1030(a)(5)(A) (relating to protection of computers and resulting in damage as defined in 1030(c)(4)(A)(i)(II)-(VI)), 1203 (hostage taking), 1751(a)-(d) (relating to Presidential and Presidential staff assassination and kidnapping), 2339B (relating to providing material support to terrorist organizations)) for which a maximum term of imprisonment of ten (10) years or more is prescribed;

- ☐ an offense under chapter 77 of Title 18 of the United States Code (Peonage and Slavery) for which a maximum term of imprisonment of 20 years or more is prescribed;

- ☐ an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(3), 2252A(a)(1)-(4), 2260, 2421, 2422, 2423, or 2425.

B. **Rebuttable Presumption Applies: Safety of Others and Community (18 U.S.C. § 3142(e)(2)) (rare - *check if applicable*)**

- ☐ This is a case described in 18 U.S.C. § 3142(f)(1) (generally, crime of violence or terrorism offense w/at least 10 yr. stat max; offense w/max sentence of life or death; drug trafficking offense w/at least 10 yr. stat max; two or more priors of these types of offenses, federal or state; felony involving minor victim, failure to register as a sex offender, or possession or use of a firearm or other dangerous weapon), and a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community applies because: (a) the defendant has been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been an offense described in 18 U.S.C. § 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed (hereafter, "the Offense"); (b) the Offense was committed while the defendant was on release pending trial for a Federal, State, or local offense; and (c) a period of not more than five (5) years has elapsed since the date of conviction, or the release of the person from imprisonment, for the Offense, whichever is later.

3

2. **TEMPORARY DETENTION (RARE - *CHECK IF APPLICABLE*)**

   ☐ The United States seeks temporary detention for ten (10) days, excluding Saturdays, Sundays, and holidays, to permit revocation of conditional release, deportation, or exclusion, because (1) the defendant may flee or pose a danger to any other person or the community (*see* 18 U.S.C. § 3142(d)(2)), and (2) the defendant (*check at least one and all that apply*):

   ☐ is, and was at the time the offense was committed, on release pending trial for a felony under Federal, State, or local law. *See* 18 U.S.C. § 3142(d)(1)(A)(i);

   ☐ is, and was at the time the offense was committed, on release pending imposition of execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law. *See* 18 U.S.C. § 3142(d)(1)(A)(ii);

   ☐ is, and was at the time the offense was committed, on probation or parole for any offense under Federal, State or local law. *See* 18 U.S.C. § 3142(d)(1)(A)(iii);

   ☐ is not a citizen of the United States or lawfully admitted for permanent residence, as defined in 8 U.S.C. § 1101(a)(20). *See* 18 U.S.C. § 3142(d)(1)(B).

3. **DETENTION HEARING**

   ■ A hearing pursuant to the provisions of 18 U.S.C. § 3142(f) must be held before detaining a defendant pending trial (18 U.S.C. § 3142(e)), unless waived by that defendant. The United States accordingly respectfully requests that this Court hold such a hearing, unless waived by the defendant.

   A. **Hearing Must be Granted (most cases - *check if applicable*)**

      ■ Such a hearing must be granted because this case involves (*check at least one and all that apply*):

      ❑ a crime of violence as defined in 18 U.S.C. § 3156(a)(4), namely, (i) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another, (ii) a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, <u>or</u> (iii) a felony under chapter 77 (Peonage and Slavery), 109A (Sexual Abuse), 110 (Sexual Exploitation and Other Abuse of Children [includes child pornography offenses]), or 117 (Transportation for Illegal Sexual Activity and Related Crimes) of Title 18 of the United States Code. *See* 18 U.S.C. § 3142(f)(1)(A);

      ❑ a violation of 18 U.S.C. § 1591. *See* 18 U.S.C. § 3142(f)(1)(A);

      ❑ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (listing offenses included in definition of "Federal crime of terrorism", e.g., 18 U.S.C. §§ 1030(a)(1) (relating to protection of computers), 1030(a)(5)(A) (relating to protection of computers and resulting in

damage as defined in 1030(c)(4)(A)(i)(II)-(VI)), 1203 (hostage taking), 1751(a)-(d) (relating to Presidential and Presidential staff assassination and kidnapping), 2339B (relating to providing material support to terrorist organizations)) for which a maximum term of imprisonment of ten (10) years or more is prescribed. *See* 18 U.S.C. § 3142(f)(1)(A);

☐ an offense for which the maximum sentence is life imprisonment or death. *See* 18 U.S.C. § 3142(f)(1)(B);

☐ an offense for which a maximum term of imprisonment of 10 years or more is prescribed in (i) the Controlled Substance Act (21 U.S.C. §§ 801 et seq.), (ii) the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 et seq.), or (iii) chapter 705 of Title 46 of the United States Code. *See* 18 U.S.C. § 3142(f)(1)(C);

☐ a felony where the defendant has been convicted of (i) two or more offenses described in 18 U.S.C. §§ 3142(f)(1)(A)-(C) (see above), (ii) two or more State or local offenses that would have been offenses described in 18 U.S.C. §§ 3142(f)(1)(A)-(C) if a circumstance giving rise to Federal jurisdiction had existed, or (iii) a combination of such offenses. *See* 18 U.S.C. § 3142(f)(1)(D);

☐ a felony that involves a minor victim. *See* 18 U.S.C. § 3142(f)(1)(E);

■ a felony that involves the possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921) or any other dangerous weapon. *See* 18 U.S.C. § 3142(f)(1)(E);

6

☐ a felony that involves a failure to register under 18 U.S.C. § 2250. *See* 18 U.S.C. § 3142(f)(1)(E);

■ a serious risk that the defendant will flee. *See* 18 U.S.C. § 3142(f)(2)(A);

☐ a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. *See* 18 U.S.C. § 3142(f)(2)(B).

B. **Hearing Not Required to be Granted but May be Granted at the Court's Discretion (rare -** *check if applicable - must be checked if 3(A) not checked - memorandum required*)

☐ The Court is not required to grant a hearing, but such a hearing is requested nonetheless *as explained in the attached Memorandum.*

C. **Continuance of Hearing Requested (18 U.S.C. § 3142(f))** (*check one if requesting a continuance*)

■ The United States respectfully requests a continuance of three (3) days (not including any intermediate Saturday, Sunday, or legal holiday) in which to hold the detention hearing, during which time the defendant shall be detained.

☐ The United States respectfully requests a continuance of greater than three (3) days (not including any intermediate Saturday, Sunday, or legal holiday), namely, until_____, in which to hold the detention hearing, for good cause, *as explained in the attached Memorandum,* during which time the defendant shall be detained.

D. **Medical Examination Requested During Continuance (18 U.S.C. § 3142(f))**

(rare - *check if applicable and only if continuance is requested*)

■ During the requested continuance, the United States respectfully requests that the defendant, who appears to be a narcotics addict, receive a medical examination to determine whether the defendant is an addict.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Vipal J. Patel
VIPAL J. PATEL (CA 156212)
First Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
vipal.patel@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed with this Court on this 9th day of August 2019, via its electronic filing system, a process which automatically provides an electronic copy to all counsel of record, and that a copy of this pleading will be provided to defense counsel at the initial appearance in this matter.

s/Vipal J. Patel
VIPAL J. PATEL (156212 CA)
First Assistant United States Attorney