UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:19-MJ-498-MJN-TMR |
| | : | |
| Plaintiff, | : | **UNITED STATES' OPPOSITION TO (1) MOTION FOR REVOCATION OF DETENTION ORDER, AND (2) MOTION FOR HEARING** |
| | : | |
| vs. | : | |
| | : | |
| **ETHAN KOLLIE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

-----------------------------------------------

1. <u>Introduction</u>.

The defendant, Ethan Kollie ("Kollie"), should remain in custody. He is a habitual drug user with a penchant for firearms and a history of deceit and poor judgment. The Magistrate Judge rightfully found that no condition or combination of conditions will reasonably assure Kollie's safety and the safety of the community. This Court should find the same. No hearing is required or necessary.

2. <u>The Magistrate Judge's Detention Order Should be Upheld, and No Hearing is Required or Necessary</u>.

Title 18, United States Code, Section 3145(b) provides, in pertinent part:

> If a person is ordered detained by a magistrate judge, … the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.[1]

---

[1] The statute does not define "promptly" (nor does it set forth a remedy in the event of a non-prompt disposition). One court concluded that 30 days is not prompt.

After conducting two hearings on the question of detention, the Magistrate Judge ordered Kollie detained. Kollie has filed a motion for revocation of the Magistrate Judge's detention order in this matter,[2] which is reviewed *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-30 (S.D. Ohio 2000) (reviewing cases). He has also moved for a hearing. Both should be denied.

    *A. No Hearing is Required or Necessary.*

Kollie's request for a hearing should be denied. First, no hearing is required. *See United States v. English*, No. 1:15-CR-00017-GNS, 2015 U.S. Dist. LEXIS 170028, *5 (W.D. Ky. December 21, 2015) ("English has already received a hearing before Magistrate Judge Brennenstuhl and raises no new factual issues on review. The Court must review the Defendant's motion "promptly" but is not required to grant yet another hearing on this matter. *See* 18 U.S.C. § 3145(b). Therefore, the Court finds that English's Motion to Revoke Detention Order is denied, and he is

---

*United States v. Fernandez-Alfonso*, 813 F.2d 1571, 1573-74 (9th Cir. 1987).

2    Kollie filed a Motion for Revocation (R. 15) of the Magistrate Judge's Order of Detention (R. 14), which the Magistrate Judge denied. (R. 16). Kollie then filed a "Notice of Appeal" (R. 18), purporting to "appeal" the Magistrate Judge's Order denying Kollie's Motion for Revocation (R. 16), as opposed to the actual order of detention. Kollie's supporting memorandum (R. 19), though, indicates he is invoking 18 U.S.C. § 3145(b) and challenging the Magistrate Judge's detention order (R. 14), not the order denying the motion for revocation (R. 16). Assuming Kollie is, in fact, seeking by way of his "Notice of Appeal" to have a District Court Judge review the Magistrate Judge's detention decision, and is not seeking to appeal to the Sixth Circuit, the United States does not object to treating Kollie as having moved under 18 U.S.C. § 3145(b) for revocation *by a District Court Judge* of the Magistrate Judge's detention order (R. 14).

not entitled to an additional hearing on this matter."); *United States v. Sadiqullah*, No. 5:19-101-KKC, 2019 U.S. Dist. LEXIS 141605, *2 (E.D. Ky. August 21, 2019) ("The statute providing for review of the magistrate judge's detention order does not specifically require that the Court conduct an additional hearing."); *United States v. Marshall*, No. 5:18-122-KKC2018 U.S. Dist. LEXIS 188557, *2-3 (E.D. Ky. November 5, 2018).  As one court explained, "[r]equiring two evidentiary hearings -- the first before the magistrate and the second before the district court -- would impose an undue burden on the court."  *United States v. Colombo*, 616 F. Supp. 780 (E.D.N.Y.), rev'd on other grounds, 777 F.2d 96 (2d Cir. 1985).

Moreover, *de novo* review does not "require a *de novo* evidentiary hearing." *United States v. Roy*, No. 3:12-CR-054-L, 2012 U.S. Dist. LEXIS 48371, *2-3 (N.D. Tx. April 5, 2012), citing *United States v. Howard*, 2006 U.S. Dist. LEXIS 76046, 2006 WL 3300462, at *3 (N.D. Tex. Oct. 19, 2006) ("[A]n independent de novo review by the Court under section 3145(b) does not require a de novo hearing. Accordingly, the Court's de novo review of the magistrate's detention order may be based on the evidence presented to the magistrate at the detention hearing." (citations omitted)); *United States v. Kyle*, 49 F. Supp. 2d 526, 527 (W.D. Tex. 1999) ("The Court's review of the Magistrate Judge's detention order is governed by 18 U.S.C. § 3145(b). . . . "[W]hile the Court adheres to a plenary standard of review, such a standard does not mandate a completely new evidentiary hearing." (citations omitted)); *United States v. Baker*, 703 F. Supp. 34, 36 (N.D. Tex. 1989) ("[A] formal hearing is required under section 3142(c) and (f) before a 'judicial officer.'  The

3

defendant has had his formal hearing before the magistrate, and he points to no authority that he is entitled to another. Independent review by this court does not mean a *de novo* hearing." (citations omitted)). "Thus, a district court may undertake the review required under section 3145(b) by considering the evidence in the record before the magistrate judge and independently determining whether pretrial detention is warranted." *United States v. Roy*, 2012 U.S. Dist. LEXIS at *3.

Aside from the lack of a statutory requirement, and separate and apart from the burden of multiple hearings, another hearing is simply unnecessary here. The Magistrate Judge already held two hearings on the detention question. Kollie does not in his request for a third hearing, or in his motion for revocation, offer any new evidence, point to any changed circumstances, or cite any previously unconsidered law. Instead, he re-argues what he argued below, which this Court is well able to review on its own (e.g., by reviewing the recordings of the two hearings already held and the Pretrial Services Office's reports). *See, e.g., United States v. Sadiqullah*, No. 5:19-101-KKC, 2019 U.S. Dist. LEXIS 141605, *2 (E.D. Ky. August 21, 2019) (hearing before reviewing District Court Judge deemed unnecessary where defendant did not "rely on or explain evidence not already in the record that he would proffer at a hearing in support of the motion to revoke the detention order"), citing *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987); *United States v. Jones*, No. 12:CR-105, 2012 U.S. Dist. LEXIS 182470, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001);*United States v. Alonso*, 832 F. Supp. 503, 504 (D. Puerto Rico 1993); *United

4

*States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992). Kollie's motion for another hearing should be denied.

    *B. The Magistrate Judge's Detention Order Should be Upheld.*

    Kollie's motion for revocation of the Magistrate Judge's detention order should also be denied. The Magistrate Judge rightfully found Kollie to be a danger to himself and to society. Kollie is a habitual drug user, who admittedly lied in order to obtain a machine-gun looking micro-Draco semi-automatic pistol. Kollie owned and possessed two other firearms, all while running an illegal "mushroom" grow operation out of an apartment he lived in (apparently unbeknownst to the landlord) with a tenant. Kollie kept his firearms laying around the apartment next to drugs and drug paraphernalia. Notwithstanding his daily marijuana use (since he was 14), daily "micro-dosing" of the mushrooms he grew, and prior use of "harder" drugs, Kollie held a concealed carry permit and regularly carried a concealed handgun. In fact, Kollie was carrying a concealed handgun (and what appeared to be drugs) when agents interviewed him on August 8, 2019, the day prior to his arrest. Given Kollie's habitual drug use, it is no wonder that on that fateful day earlier this year, when Conner Betts -- the August 4, 2019 Oregon District shooter -- asked Kollie for help (a) in obtaining body armor, the upper receiver to an AM-15 weapon, and a double-drum 100-round magazine (all of which Betts used in the shooting), (b) in assembling the AM-15 weapon, and (c) in hiding them from Betts' parents (in two ways: first, by purchasing them for Betts, as opposed to Betts just purchasing them himself, and second, by storing them at his

5

apartment for Betts, away from Betts' parents), Kollie's decision was to assent, rather than to pause, reflect, question, reach out for help, contact Betts' parents, sister, or friend, or simply say "no." Kollie and his long-time drug usage has proven to be danger to himself and to society, in a horribly tragic way.

The Magistrate Judge also rightfully found unsatisfying Kollie's two proposals for managing the danger posed by Kollie. Kollie's first proposal was that he would stay with a parent on the other side of the state, along the West Virginia border. That would place Kollie, as a practical matter, out of reach of the United States Pretrial Services Office. Even if supervision were to be transferred to the U.S. Pretrial Services Office in Columbus, Kollie would still be over a hundred miles away from the nearest SDOH Pretrial Services Officer. The risk posed by such a plan understandably proved untenable.

As did the next proposal, namely, to house Kollie with third parties. That proposal carried with it placing Kollie in a house owned by family friends. The housing situation included an elderly resident and, at least when returning from college, a young adult. Notwithstanding the family's noble gesture and intentions, the Magistrate Judge properly found placing a habitual drug user with a penchant for firearms, deceit, and impaired decision-making, in the hands of third parties insufficient to ensure the safety of the community. Indeed, the outsourcing plan increased, not decreased, the risk of harm to others.

Returning Kollie to the apartment at which he stayed (and grew his mushrooms, used his drugs, and stored his weapons) was not an option. The

6

landlord made sure to that, indicating that Kollie was not a tenant and would not be welcome back. In short, no conditions or combination of conditions will reasonably assure the safety of Kollie and the community. The Magistrate Judge's order of detention should be affirmed.

3. <u>Conclusion</u>.

For the foregoing reasons, the United States respectfully submits that Kollie's motion for a hearing should be denied, and that his motion for revocation of the Magistrate Judge's detention order should also be denied.

                                          Respectfully submitted,

                                          BENJAMIN C. GLASSMAN
                                          United States Attorney

                                          <u>s/Vipal J. Patel</u>
                                          VIPAL J. PATEL (CA 156212)
                                          First Assistant United States Attorney
                                          DOMINICK S. GERACE (OH 0082823)
                                          Assistant United States Attorney
                                          200 West Second Street, Suite 600
                                          Dayton, Ohio 45402
                                          Office: (937) 225-2910
                                          Fax: (937) 225-2564
                                          vipal.patel@usdoj.gov
                                          dominick.s.gerace@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that this pleading was filed with this Court on this 29th day of August 2019, a process which automatically provides an electronic copy to all counsel of record.

                                      s/Vipal J. Patel
                                      VIPAL J. PATEL (156212 CA)
                                      First Assistant United States Attorney